# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00175-CR

**Eliberto Escobedo, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 4 OF TRAVIS COUNTY
### NO. 561,256, HONORABLE MIKE DENTON, JUDGE PRESIDING

After a bench trial, Eliberto Escobedo was found guilty of assault. *See* Tex. Pen. Code Ann. § 22.01(a)(1) (West Supp. 2001). The district court imposed a probated sentence of 100 days in the Travis County Jail. Appellant was also ordered to pay a fine of $1000 and costs, and perform twenty-four hours of community service. On appeal, appellant contends that the evidence was not factually sufficient to support the conviction. We overrule this contention and affirm the county court at law's judgment.

## BACKGROUND

Appellant and Maria Escobedo were legally married but separated when they met to exchange custody of their three-year-old son. Ms. Escobedo met appellant in a park to pick up the child. Appellant asked Ms. Escobedo to get in his truck so they could talk. Ms. Escobedo agreed and appellant drove around the area while they spoke. They began to argue and Ms. Escobedo demanded to be let out of the truck with her son. Appellant refused to stop the vehicle. Ms.

Escobedo attempted to exit the moving vehicle with the child by opening the door, but appellant prevented her from leaving. As a result of appellant's actions, Ms. Escobedo sustained injuries.

**DISCUSSION**

Appellant contends that the evidence is not factually sufficient to support his conviction. When conducting a factual sufficiency review, all the evidence is considered equally. *Orona v. State*, 836 S.W.2d 319, 321 (Tex. App.—Austin 1992, no pet.). A factual sufficiency review asks whether all the evidence, both for and against the finding of guilt, demonstrates that the proof of guilt is so obviously weak or so greatly outweighed by contrary proof as to undermine confidence in the fact-finder's determination. *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). A verdict may be set aside for factual insufficiency only if a finding of guilt beyond a reasonable doubt is clearly wrong and unjust. *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996); *Stone v. State*, 823 S.W.2d 375, 381 (Tex. App.—Austin 1992, pet. ref'd untimely filed).

In challenging the factual sufficiency of the evidence, appellant contends the trial court erred in rejecting his defense of a third person justification. Appellant testified that Ms. Escobedo asked him to stop the vehicle and that he refused. Ms. Escobedo then prepared to exit the vehicle with the child. Appellant stated that he grabbed Ms. Escobedo's wrist and brought her back in the vehicle as she attempted to exit. He claims that his actions were necessary to protect a third person, his son, from being injured when Ms. Escobedo attempted to exit the truck.

A necessary element of the defense of third person justification is that the actor must reasonably believe that intervention is immediately necessary to protect the third person. *See* Tex. Pen. Code Ann. § 9.33(2) (West 1994). Appellant's testimony establishes that he could have easily

2

complied with the request to stop the vehicle and permitted Ms. Escobedo and the child to exit without harm. His testimony also supports the conclusion that appellant created the dangerous situation, thereby precluding his use of the defense of a third party justification.

As the fact-finder, the trial court determined that appellant committed an assault and that his actions were not justified as a defense of a third person. We must defer to the trial court's findings unless they are so contrary to the overwhelming weight of the evidence so as to be clearly wrong and unjust. *Cain v. State*, 958 S.W.2d 404, 406-08 (Tex. Crim. App. 1997). A decision is not manifestly unjust simply because the fact-finder resolved conflicting views of the evidence in the State's favor. *Roise v. State*, 7 S.W.3d 225, 233 (Tex. App.—Austin 1999, pet. ref'd). Viewing the evidence neutrally, and giving due deference to the trial court's judgment, the verdict is not clearly unjust. Appellant's point of error is overruled.

## CONCLUSION

Having overruled appellant's point of error, we affirm the conviction.

_____

Jan P. Patterson, Justice

Before Justices Kidd, Yeakel and Patterson

Affirmed

Filed: October 4, 2001

Do Not Publish